THE STATE OF KANSAS v. H. B. WOODBURY.

EVIDENCE *Does not Support Judgment.* The evidence in this case examined, and *held,* that the judgment of conviction and sentence should be set aside, for the reason that there is not evidence to support the same.

*Appeal from Osborne District Court.*

*Woodbury* was found guilty of disturbing the peace, and adjudged to pay a fine of $5, and costs. He appeals.

*D. M. Thorp, C. M. Higley, S. S. Spencer,* and *C. W. Wolbert,* for appellant:

The evidence in this case, as introduced by the state, fails to show that any offense had been or was committed by the defendant, H. B. Woodbury, or by any one in his employ, or by any one at his instance or request. There is not any evidence showing that the defendant, or any person in his employ, or by or under his direction, on the 16th day of November, 1891, at the place mentioned in complaint, or at any other time or place, willfully or otherwise disturbed the peace of Bowen, Worley, or Robertson, or of either of them, or of any other person, or that he was guilty of any disturbance of the peace and quiet of any person, family, or neighborhood,

under the crimes-and-punishments act, ¶ 2393, Gen. Stat. of 1889. The evidence in said case excludes completely, under any fair construction of said paragraph, that any offense had been committed by the defendant. The evidence fails to show that the peace and quiet of any person was disturbed by the defendant, and it cannot be assumed that the peace of any person was disturbed, under the evidence introduced in this case, from any word, act or thing that was said or done.

The complaint was made, evidently, for the sole and only purpose of carrying out a prearranged plan on the part of Robertson to get into possession of the grain in controversy without properly replevying same or bringing suit for the value thereof, but he deemed it more expedient to use the state as a machine by which he would wrongfully obtain possession of the property, and compel the other parties to bring suit to recover or lose their rights. The evidence in this case fully warrants our assertion. The supreme court of Kansas expressed its decided disapproval of this style of practice and of this method of using the criminal law in the case of *Kelley v. Sage*, 12 Kas. 109.

If for any reason it should appear to the court that the defendant was not the owner of or entitled to the possession of said wheat, still, if he believed he was entitled to the same, this judgment should be reversed. "Ignorance or mistake in point of fact is, in all cases of supposed offenses, a sufficient excuse." 1 Bish. Cr. Law (7th ed.), § 301.

*John N. Ives*, attorney general, and *M. E. Smith*, county attorney, for The State.

The judgment in this case should stand, for the reason that the evidence shows the defendant to be guilty of the acts charged against him and of which the jury found him guilty. Not only is he himself guilty of disturbing the peace as charged, but those in his employ are also guilty, and that, too, at defendant's personal instance and request.

As to which had the better right to the wheat in controversy and over which the disturbance arose, or as to who was

in fact in the legal possession of the wheat, whether A. G. Mead or the defendant, matters little to the state, under the conviction in this case. *The State v. Benson*, 22 Kas. 471.

The conduct of the defendant and his men and the acts of Robertson and Bowen show that the defendant did willfully disturb the peace and quiet of said Robertson and Bowen, although they did not swear to the fact that they " were disturbed in their peace and quiet" in just those words; but acts and conduct show what the facts are, and they plainly constitute the offense charged under ¶ 2393, Gen. Stat. of 1889.

The court did not err in refusing to quash the amended complaint, for the reason that when separate and distinct crimes are committed by one and the same person at the same time they may be coupled in one count, as constituting all together but one offense. *The State v. Schweiter*, 27 Kas. 506; *The State v. Morrison*, 46 id. 682. All the acts complained of in this case constitute but one transaction or set of transactions, and only one offense, and as such the district court did not commit any error in overruling defendant's motion to quash the complaint for the reasons mentioned in said motion.

Opinion by GREEN, C.: H. B. Woodbury was charged with taking, stealing and carrying away two bushels of wheat, of the value of $1.25, from the farm of A. G. Mead, in Osborne county. He was tried and convicted before a justice of the peace, and appealed to the district court. The original complaint was amended in the district court, and the defendant was charged with malicious trespass, under ¶ 7157 of the General Statutes of 1889, and also with disturbing the peace and quiet of D. G. Robertson, Chauncey Bowen, and James Worley, by hindering, molesting and delaying them in threshing wheat owned by A. G. Mead. Upon the trial in the district court, the defendant was found guilty of disturbing the peace, and adjudged to pay a fine of $5 and costs. rom this judgment of conviction he appeals.

It is insisted by the appellant that the evidence introduced upon the part of the state failed to show that he committed the offense of which he was found guilty. It is disclosed by the evidence that a crop of wheat had been raised upon the farm described in the complaint by George Myers, who cultivated the premises as the tenant of the defendant. A. G. Mead obtained a sheriff's deed for the place on the 23d day of June, 1891, while Myers was still in the occupancy of the land. The wheat was cut and stacked by the tenant and was being threshed, on the 16th day of November, 1891, when the defendant, with several other parties, went to the place to obtain, as he claimed, his share of the crop. D. G. Robertson was also present, with the other parties named in the complaint, to secure the landlord's share of the wheat for Mead. It seemed to have been conceded that Myers was entitled to the tenant's share of the crop. The real controversy was over the landlord's share. Robertson and his party claimed it for Mead, under the sheriff's deed, and the defendant claimed it under a lease with Myers. Robertson attempted to take possession of one-half the grain, and one of the men under him struck one of the defendant's men with a scoop shovel. There was no evidence that the defendant disturbed the peace and quiet of any one. There seemed to have been an honest contention upon the part of each one of the claimants for the landlord's share of the crop of wheat, and the controversy should have been settled by a civil action, rather than by resorting to the criminal code to have property rights adjudicated. The constable who had the writ for the arrest of the defendant and the four men with him testified that he had a warrant for four or five men. In case they interfered with the measuring of the grain, he was to make the arrest; and as soon as they did he made the arrest. It was obvious from this evidence that the object of the complaining witness in procuring the warrant was to obtain possession of disputed property through a criminal process. Such methods should not be tolerated by the courts.

It is recommended that the judgment and sentence of conviction be set aside, and the defendant discharged.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* The case of *The State v. Woodbury,* No. 8433, also from Osborne district court, grew out of the same transaction that the case of *The State v. Woodbury,* just decided, was based upon, and the facts of this case are the same as the facts of that case.

This case is therefore reversed, on the authority of that case, and for the reasons therein stated.